878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL EXPRESS CORPORATION, Plaintiff-Appellant,
v.
TENNESSEE PUBLIC SERVICE COMMISSION, et al., Defendant-Appellee.
 No. 88-5974.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1989.
Amended on Denial of Rehearing Oct. 6, 1989.
See 909 F.2d 1483.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Federal Express Corporation ("Federal Express") appeals from the judgment of the district court dismissing its case for lack of federal subject-matter jurisdiction and denying its request for relief from state regulations promulgated by defendant Tennessee Public Service Commission ("the Commission").
 
 
 2
 On June 9, 1987, the Commission made an administrative determination that Federal Express is a motor carrier engaged in intrastate transportation and is subject to state regulation under the Tennessee Motor Carriers Act, Tenn.Code Ann. Sec. 65-15-101, et seq. The Commission rejected Federal Express' arguments that the Airline Deregulation Act of 1978, 49 U.S.C. Sec. 1305(a), preempted any form of state regulation. After the Tennessee Court of Appeals denied Federal Express' motion for a stay of the Commission's order demanding compliance with the Tennessee state regulations, Federal Express filed suit in federal district court for declaratory and injunctive relief on the grounds of federal preemption. Relying on Public Service Comm'n v. Wycoff Co., 344 U.S. 237 (1952) and Michigan Savings and Loan v. Francis, 683 F.2d 957 (6th Cir.1982), the district court identified the crucial issues of the case: whether the Tennessee Motor Carrier Act was applicable to Federal Express and whether federal preemption arose only as a defense to that initial issue. Declining to reach the merits of the dispute, the district court dismissed the case for lack of federal subject-matter jurisdiction. See Federal Express Corp. v. Tennessee Public Serv. Comm'n, 693 F.Supp. 598 (M.D.Tenn. June 16, 1988) (denying Federal Express' request for relief from state regulations); Federal Express Corp. v. Tennessee Public Serv. Comm'n, No. 3-87-0633, mem.op. (M.D.Tenn. Aug. 17, 1988) (denying Federal Express' motion for reconsideration).
 
 
 3
 Upon review of the well-reasoned opinion of the Honorable Thomas A. Wiseman, Jr., Chief Judge of the United States District Court for the Middle District of Tennessee, we conclude that he properly analyzed the issues and reached a correct result. Accordingly, we AFFIRM based on the reasoning of the district court opinion.
 
 
 4
 EDWARDS, Senior Circuit Judge, dissenting.
 
 
 5
 Respectfully, I dissent. I agree with both parties in this matter that the District Court erred in holding that the federal court lacked subject matter jurisdiction. I dissented in this court's decision in Michigan Savings and Loan v. Francis, 683 F.2d 957 (6th Cir.1982), and I believe I must do so again.
 
 
 6
 The United States Supreme Court in Shaw v. Delta Airlines, Inc., 463 U.S. 85, at 96 n. 14 (1983), albeit in a footnote, appears to me to have settled this matter:
 
 
 7
 It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. See Ex Parte Young, 209 U.S. 123, 160-162, 52 L.Ed. 714, 28 S.Ct. 441 (1908). A plaintiff who seeks injunctive relief from state regulation on the ground that such regulation is preempted by a federal statute which by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. Sec. 1331 to resolve.
 
 
 8
 463 U.S. at 96, n. 14 (citations omitted).
 
 
 9
 This case comes to us on a motion for injunctive and declaratory relief. A claim for injunctive relief in a case such as this, where the potential for immediate and irreparable injury is present and where federal preemption and the Supremacy and Commerce Clauses of the U.S. Constitution lie at the heart of the matter, cf. Public Service Commission, v. Wycoff, 344 U.S. 237 (1952), is within the ambit of federal subject matter jurisdiction. See Middle South Energy v. Arkansas Public Service Commission, 772 F.2d 404 (8th Cir.1985), cert. denied, Ratepayers Fight Back v. Middle South Energy, 474 U.S. 1102 (1986); Braniff International, Inc. v. Florida Public Service Commission, 576 F.2d 1100 (5th Cir.1978).
 
 
 10
 If the federal courts lack subject matter jurisdiction to decide whether the Airline Deregulation Act prohibits states from regulating Federal Express, then fifty states will examine the same federal preemption claim and reach varying results, in direct conflict with the Interstate Commerce Clause and Congressional intent.
 
 
 11
 I would reverse the District Court's opinion and remand for a determination on the merits.